**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon L. Ramsland,<br><br>    Petitioner,<br><br>vs.<br><br>B. Hudson.<br><br>    Respondent. | No. CV-24-00360-TUC-CKJ (MAA)<br><br>**REPORT AND RECOMMENDATION** |

On July 19, 2024, the petitioner, an inmate confined in the Federal Correctional Institution in Tucson, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. Doc. 1. The petitioner, Shannon L. Ramsland, claims that the Bureau of Prisons (BOP) unlawfully refuses to apply First Step Act (FSA) time credits to his sentence.

Pursuant to the Rules of Practice of this Court, this matter was referred to the Magistrate Judge for a report and recommendation. Doc. 5.

The petition should be denied. The BOP cannot apply First Step Act time credits to Ramsland's sentence because he does not have a low or minimum recidivism risk score.

Discussion

In his petition, Ramsland asserts three interrelated grounds for relief: (1) "the futility exception to exhaustion applies because [P]etitioner seeks to invalidate an official BOP policy

. . . where the BOP unlawfully altered 'shall be applied' and 'shall transfer' to 'the Bureau may apply' FSA [First Step Act] time credits in 28 C.F.R. § 523.44(b) without approval of Congress," (2) "28 C.F.R. § 523.44(b) should be invalidated pursuant to *Ramirez v. Phillips*, 2023 U.S. Dist. LEXIS 228778, at *5-15 (E.D.Cal. 2023) because granting FTCs [Federal Time Credits] to eligible prisoners is mandatory. . . ," and (3) "under *Loper Bright Enterprises v. Raimondo*, 2024 U.S. Lexis 2882 (2024) this court has the power to strike down 28 C.F.R. § 523.44(b)." Doc. 1 (punctuation modified).

The gravamen of Ramsland's petition appears in Ground Two where he argues that the BOP improperly refuses to apply First Step Act (FSA) time credits to his sentence. The court begins there.

Ramsland asserts that "28 C.F.R. § 523.44(b) should be invalidated . . . because granting FTCs [Federal Time Credits] to eligible prisoners is mandatory . . . ." Doc. 1, p. 5 (punctuation modified). Apparently, Ramsland believes that under the First Step Act (FSA) he is entitled to federal time credits (FTCs), but they are not being applied to his sentence because 28 C.F.R. § 523.44(b) uses the phrase "may apply" when discussing the application of FTCs. *Id*. And, he further believes that the BOP is relying on this regulation to justify its refusal to apply federal time credits to the sentences of medium/high risk prisoners such as himself. *Id*. Ramsland is mistaken. The BOP cannot apply FSA time credits to his sentence because he does not qualify under the explicit terms of 18 U.S.C. § 3624(g)(1)(D), which excludes[1] prisoners with a medium or high recidivism risk score from having federal time credits applied to their sentences. These prisoners are not "eligible" for a sentence modification. 18 U.S.C. § 3624(g)(1). The regulation is not the problem here.

"Under the FSA [First Step Act], an eligible inmate shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Martinez v. Gutierrez*, No. CV-22-00505-TUC-RM-AMM, 2023 WL

---

[1] There is an exception to this rule for prisoners who have a petition to be transferred approved by the warden. 18 U.S.C. § 3624(g)(1)(D)(i)(II). Ramsland does not assert that he falls under this exception.

6466490, at *3 (D. Ariz. July 14, 2023) (citing 18 U.S.C. § 3632(d)(4)), report and recommendation adopted, 2023 WL 6464850 (D. Ariz. Oct. 4, 2023). Those time credits, however, will only be applied to the inmate's sentence if he is "eligible." 18 U.S.C. § 3624(g)(1). "[I]n the case of a prisoner being placed in prerelease custody," the prisoner is eligible if he "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or "has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison . . . ." 18 U.S.C. § 3624(g)(1)(D)(i)(I-II). "[I]n the case of a prisoner being placed in supervised release," the inmate must have "been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." 18 U.S.C. § 3624(g)(1)(D)(ii); *see Lopez v. Gutierrez*, 2024 WL 4026215, at *2 (D. Ariz. Sept. 3, 2024) (on appeal).

Ramsland has a *medium* recidivism risk score. Doc. 10-1, p. 3. He does not have a petition to be transferred approved by the warden. Doc. 10, p. 5. Accordingly, Ramsland is not "eligible" to have his earned time credits applied to his sentence. 18 U.S.C. § 3624(g)(1)(D).

Ramsland argues to the contrary that Section 3632(d)(4)(C) makes the application of earned time credits *mandatory* even for medium/high risk prisoners and this section trumps the eligibility requirements of Section 3624(g)(1)(D)(i)(II)(aa)-(cc). Doc. 1, p. 5. He is incorrect. Section 3632(d)(4)(C) does say that "[t]ime credits earned under this paragraph . . . *shall be applied* toward time in prerelease custody or supervised release." (emphasis added) But the next sentence in that section states that "[t]he Director of the Bureau of Prisons *shall* transfer *eligible* prisoners, *as determined under section 3624(g)*, into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C) (emphasis added). Read as a whole, 18 U.S.C. § 3632(d)(4)(C) states that time credits *shall* be applied to all *eligible* prisoners. Ramsland, however, is not an "eligible" prisoner "as determined under Section 3624(g)." *Id*. His time credits therefore cannot be applied to his sentence. Section 3632(d)(4)(C) and Section 3624(g)(1)(D)(i)(II)(aa)-(cc) are not in conflict.

Ramsland cited *Ramirez v. Phillips*, 2023 U.S. Dist. LEXIS 228778, at *5-15 (E.D.Cal. 2023) in support of his argument that 28 C.F.R. § 523.44(b) should be invalidated. Ramsland,

however, misreads the case. *Ramirez* holds that the BOP cannot take away an inmate's earned First Step Act federal time credits (FTCs) simply because he failed to complete a Residential Drug Abuse Program (RDAP). *See Ramirez v. Phillips*, 2023 WL 8878993, at *4 (E.D. Cal. Dec. 22, 2023) ("The government points to no authority allowing the BOP to cancel all FTCs earned by way of other programming solely because an inmate has not completed RDAP, and the court has not located any."). *Ramierez* does not comment on the operation of Section 523.44(b). *Ramierez* is inapposite to the present case.

Ramsland is not eligible for a sentence modification under the First Step Act; his arguments about the wording of 28 C.F.R. § 523.44(b) are moot. His argument that he need not administratively exhaust his petition because he is challenging an official BOP policy is moot; his petition may be denied on the merits. Ramsland's argument that this court has the authority under *Loper Bright Enterprises v. Raimondo*, 2024 U.S. Lexis 2882 (2024) to strike down 28 C.F.R. § 523.44(b) is also moot; the regulation is not the problem here.

In the Answer, the respondent argues, among other things, that the petition is now moot because the petitioner is no longer in BOP custody. The court is not convinced. The respondent does not specify Ramsland current status. If he is now on supervised release and if the court found that he is entitled to FSA time credits, it might be possible to apply those credits to his term of supervised release retroactively. *See LaPuente v. Derr*, 2023 WL 3821136, at *3 (D. Haw. June 5, 2023) ("[I]t is possible that, any time Petitioner served in custody beyond that which he should have due to a miscalculation of earned time credits could form part of the basis of any modification of his supervised release term."); *Marler v. Derr*, 2023 WL 2563147, at *6 (D. Haw. Mar. 17, 2023) ("[R]etroactive application of FSA time credits toward early home confinement appears to be well within the BOP's discretion."); *but see Zimmer v. Marske*, 2022 WL 4016623, at *1 (W.D. Wis. Sept. 2, 2022) ("But I cannot use the earned-time credit that the BOP allegedly unlawfully failed to give Zimmer before his release to reduce his term of supervised release retroactively."). The court does not find that the petition as a whole is moot.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition. Doc. 1. Ramsland is not entitled to have his First Step Act time credits applied to his sentence because he does not have a low or minimum recidivism risk score.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without the permission of the District Court.

Dated this 28th day of October, 2024.

Honorable Michael A. Ambri
United States Magistrate Judge